United States District Court
Northern District of New York

_____
                                    )
HAROLD R. WOODS,                    )    Civil Action No.
                 *Plaintiff*,       )
                                    )    COMPLAINT
v.                                  )
                                    )    (JURY TRIAL
                                    )    DEMANDED)
PORTFOLIO RECOVERY ASSOCIATES,      )
                                    )
                 *Defendant*.       )
                                    )
_____ )

## I. INTRODUCTION

1.  This is an action by an individual to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices*.*

## II. JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

3.  Plaintiff is a natural person, a resident of the Northern District of New York as of the time of the commencement of this action, and is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

4.  Upon information and belief and at all times relevant hereto, Defendant, Portfolio Recovery Associates ("Portfolio"), is a Virginia limited liability company with its

primary place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502. The principal purpose of Defendant Portfolio is the collection of debts using the mails and telephone, and Defendant Portfolio regularly attempts to collect debts to be due to another, including consumer debts. As such, Defendant Portfolio is a debt collector and is liable for violations of the FDCPA.

## IV. FACTS

5. Beginning on or about June 6, 2003, Defendant began a campaign of harassment targeted towards Plaintiff. The Defendant's actions concerned an alleged consumer debt allegedly owed to MBNA America Bank ("MBNA").

6. Said campaign of harassment included, *inter alia*, impermissibly misrepresenting the nature of the alleged account on Plaintiff's personal credit report from Trans Union as well as written correspondence and telephone calls.

### Trans Union Credit Report / "Factoring Company Account"

7. Notwithstanding its reportage on the Plaintiff's Trans Union credit report, as recently as August 2008, Portfolio is not a "factoring company." Factoring companies purchase receivables, not debt. In effect, by claiming to be a factoring company, Portfolio is alleging that the purchased the debt when it was not in default.

8. Strikingly, however, in written correspondence, Portfolio claims to be a debt collector, with no mention of being a factoring company. It is respectfully posited that one cannot be both.

9. Portfolio's attempts to collect on behalf of MBNA brought it within the scope of 15 U.S.C. §1692 a (6).

10. At the same time, 15 U.S.C. §1692 e (10) makes the use of "any false representation or deceptive means to collect or attempt on behalf of MBNA a violation of the FDCPA, 15 U.S.C. § 1692 f prohibits a debt collector from using unfair or unconscionable means to collect debts, and 15 U.S.C. § 1692 (e) (8) prohibits a debt collector from communicating credit information which is known or should be known to be false.

11. As a proximate consequence of Portfolio's egregious conduct, coupled with the acts described above, the Plaintiff lost sleep, suffered headaches, nausea, embarrassment, weight loss, and had his credit score impaired.

**First Claim For Relief – Portfolio's Violation of 15 U.S.C. §1692 e (10)**

12. Paragraphs 1-11 are re-alleged, as if fully re-stated.

13. As noted above, Portfolio is not a factoring company. 15 U.S.C. §1692 e (10) makes the use of "**any false representation or deceptive means to collect or attempt to collect any debt…**" an FDCPA violation. (See, 15 U.S.C. 1692 e (2) (A), (10)).

14. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**Second Claim For Relief – Portfolio's Violation of 15 U.S.C. §1692 f**

15. Paragraphs 1-14 are re-alleged, as if fully re-stated.

16. 15 U.S.C. § 1692 f, in relevant part, provides:

> **"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."**

17. As noted above, Portfolio is not a factoring company. To classify itself as such creates a false impression to current and potential lenders, making its efforts to collect on behalf of MBNA "unfair or unconscionable."

18. Based upon the fact that Portfolio was not and is not a "factoring company," their conduct, contravened 15 U.S.C. § 1692 f, and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**Third Claim For Relief – Portfolio's Violation of 15 U.S.C. §1692 (e) (8)**

19. Paragraphs 1-18 are re-alleged, as if fully re-stated.

20. 15 U.S.C. § 1692 (e) (8), in relevant part, prohibits a debt collector from:

> **"Communicating credit information, which is known or should be known to be false."**

21. As noted above, Portfolio is not a factoring company. To classify itself as such creates a false impression to current and potential lenders.

22. Based upon the fact that Portfolio was not and is not a "factoring company," their conduct, contravened 15 U.S.C. § 1692 (e) (8), and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, the Plaintiff, Harold R. Woods, respectfully prays for the following relief:

1. A Declaratory judgment that Defendants' conduct violated the FDCPA.

2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).

3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).

4. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).

5. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).

Respectfully Submitted,

*Roderick D. Woods*
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.


*Roderick D. Woods*
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com